

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Adopley v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Adopley v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1173.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2054
_____

JACOB KWASI ABSOLUTE ADOPLEY,
*Petitioner*,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
*Respondent*.

_____

On Petition for Review of Order of the
Board of Immigration Appeals
BIA No. A28-779-420
Immigration Judge: Charles Honeyman

_____

Submitted on May 16, 2008

_____

Before: MCKEE, GARTH, *Circuit Judges*, and IRENAS,* District Judge.
(Opinion Filed: May 21, 2008)

_____

**OPINION**

_____

_____

* Hon. Joseph E. Irenas, Judge, United States District Court for the District of New Jersey, sitting by designation.

1

GARTH, *Circuit Judge*:

———

Jacob Kwasi Absolute Adopley ("Adopley") petitions this Court for review of the Board of Immigration Appeals ("BIA") order of March 8, 2007, affirming and adopting the Immigration Judge's ("IJ") decision, which denied Adopley's applications for cancellation of removal, voluntary departure, and waiver of inadmissability because Adopley failed to demonstrate "exceptional and extremely unusual hardship" as required under 8 U.S.C. § 1229(b)(1)(D).

Because Adopley failed to exhaust his administrative remedies before the BIA, we lack jurisdiction and therefore dismiss the appeal.

## I.

A native and citizen of Ghana and born May 23, 1956, Adopley entered the United States in November 1983 on a B-2 visitor visa. Upon marrying a U.S. citizen, he became a permanent resident in February 1991. Subsequently, Adopley was placed in removal proceedings and ordered removed on August 3, 1998, because he adjusted his immigration status based on a willful misrepresentation of a material fact. The Immigration Judge found that Adopley did not divorce his first spouse until several years after entering into a second marriage, contrary to his representation in the application for adjustment of status.

At the initial proceedings in 1998, the Immigration Judge found Adopley statutorily ineligible for relief because he lacked good moral character due to the misrepresentation on his application. The BIA reversed on the grounds that a false statement on an application does not constitute false testimony that automatically prohibits relief.

Upon remand, the IJ, in a comprehensive opinion which thoroughly analyzed the record, again denied Adopley's applications for cancellation of removal, voluntary

2

departure, and waiver of inadmissability.  While there were certain factors in Adopley's favor, such as 22 years of residency in the United States, educational and occupational experiences, contributions to science, and a commitment to the community, the Immigration Judge found they were outweighed by negative factors, such as Adopley's demeanor in the court, his accusations of outrage toward judges, his lack of involvement in his daughter's life, unpaid traffic tickets, and refusal to comply with a family court order.

Therefore, the IJ found that Adopley did not deserve a favorable exercise of discretion and on July 26, 2005 issued a deportation order, which the BIA subsequently affirmed on March 8, 2007.  Adopley filed a timely petition for review from this decision.


## II.

8 U.S.C. § 1252(a)(1) provides for judicial review of final orders of removal.  *See Romanishyn v. Atty. Gen.*, 455 F.3d 175, 180 (3d Cir. 2006).  Where, as here, the Board adopts the immigration judge's decision and adds its own reasons, this Court reviews both decisions.  *Fadiga v. Atty. Gen.*, 488 F.3d 142, 153, n. 16 (3d Cir. 2007).  The standard of review for questions of law is *de novo*.  *Id.* at 153-54.  Findings of fact are reviewed for substantial evidence and, therefore, may not be set aside unless a reasonable fact-finder would be compelled to find to the contrary.  *Gabuniya v. Atty. Gen.*, 463 F.3d 316, 321 (3d Cir. 2006).  Finally, we have jurisdiction to determine our jurisdiction.  *Biskupski v. Atty. Gen.*, 503 F.3d 274, 278 (3d Cir. 2007).


## III.

Adopley argues that his due process rights were violated because the IJ admitted hearsay evidence at the removal hearing, viz., letters from Adopley's daughter and ex-spouse testifying to his character.  The Government responds that this Court lacks jurisdiction to review the petition because Adopley failed to exhaust his administrative

remedies with respect to this claim. In the alternative, the Government argues that Adopley's claim lacks merit because the Federal Rules of Evidence do not apply in immigration proceedings and hearsay evidence may be used if it is probative and fundamentally fair. It argues that the IJ's admission of the two letters into evidence was consistent with due process because both the daughter and the ex-spouse were present in the courtroom and available to testify to the letters' veracity. App. at 48.

Under 8 U.S.C. § 1252(d)(1), a "court may review of a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." It is well-established that a failure to exhaust administrative remedies results in a lack of jurisdiction in the Court of Appeals. *See Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005); *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003). Here, the Petitioner did not raise before the BIA the issue of the alleged due process violation through the admission of hearsay evidence. Therefore, we lack jurisdiction to review the petition, and dismiss Adopley's appeal.